**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>vs.<br><br>**JOSHUA BLASH,**<br><br>Defendant | NO. 5: 05-CR-73 (DF)<br><br>**VIOLATION:  FIREARMS Related** |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned.  The defendant was represented by Ms. Rachel Caputo of the Macon Bar; the United States was represented by Assistant U. S. Attorney Michael Solis.  Based upon the evidence presented and proffered to the court by the parties, I conclude that the following facts require the detention of defendant JOSHUA BLASH pending the trial of this case.

### PART I - FINDINGS OF FACT

☐ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
  ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence presented and proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated August 9, 2005, independently establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the appearance of defendant BLASH and the safety of the community if he is released from custody at this time. Although defendant BLASH is a lifelong resident of Bibb County, Georgia and has family ties to the Middle District of Georgia, it appears that his relationship with his family is strained.  The offense charged against him is a serious firearms felony for which long-term incarceration can be expected if he is convicted.   The weight of evidence is strong, with a firearm having been recovered identified by a witness as the one he possessed in her presence.

Defendant BLASH has a criminal conviction record which includes: BURGLARY, Superior Court of Bibb County, Georgia, 2002, and AGGRAVATED ASSAULT, Superior Court of Bibb County, 2003. In addition, he has shoplifting (misdemeanor) convictions in the State Court of Bibb County in two separate cases in 2003. He has pending state charges of ROBBERY and CARJACKING arising out of an incident in July of 2005. He has also had probation revocations in three cases in 2002 and 2003. State probation authorities indicate that Mr. BLASH adjusted poorly to probation supervision and that he has failed to maintain contact with them.

In the court's view, Mr. BLASH poses a very real danger to the community were he to be released from custody. He has demonstrated a propensity to involve himself in serious illegal activity continuously since 2001. In addition, he fled from officers seeking to arrest him, leading them on an extended vehicle and foot chase. Pretrial detention is therefore mandated. IT IS SO ORDERED.

## PART III - DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 19th day of AUGUST, 2005.

**CLAUDE W. HICKS, JR.**
**UNITED STATES MAGISTRATE JUDGE**